NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHRISTOPHER DANIELS, | : | Katharine S. Hayden |
| Petitioner, | : | Civil No. 06-2072 (KSH) |
| v. | : | OPINION |
| DEP'T OF HOMELAND SECURITY, et al., | : |  |
| Respondents. | : |  |

**APPEARANCES**:

    CHRISTOPHER DANIELS, 110017
    Middlesex County Adult Correctional Center
    P.O. Box 266
    New Brunswick, New Jersey  08903
    Petitioner Pro Se

**HAYDEN**, District Judge

    Christopher Daniels filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on May 4, 2006, challenging his detention by the Department of Homeland Security ("DHS") at Middlesex County Adult Correctional Center in New Jersey.[1]  Petitioner asserts that he is being held in custody in violation of 8 U.S.C. § 1231(a)(6), see Clark v. Martinez, 125 S.Ct. (2005); Zadvydas v. Davis, 533 U.S. 678 (2001), and the Due Process Clause of the Fifth Amendment.

---

[1] The Homeland Security Act of 2002, 6 U.S.C. §§ 101-557, P.L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), created the Bureau of Citizenship and Immigration Services ("BCIS") within the Department of Homeland Security.  6 U.S.C. § 271(a).  The Act transferred the functions of the Commissioner of the Immigration and Naturalization Service ("INS") to the Director of BCIS, 6 U.S.C. § 271(b), and abolished INS, 6 U.S.C. § 291.  Accordingly, DHS replaced INS on March 1, 2003.

Having thoroughly reviewed Petitioner's allegations, this Court will summarily dismiss the Petition without prejudice as premature.

## I.  BACKGROUND

Petitioner contends that his detention is not statutorily authorized and deprives him of a liberty interest in violation of the Fifth Amendment of the United States Constitution.  See Zadvydas, 533 U.S. at 700-701.  The Petition sets forth the following facts.  Petitioner alleges that he is a native and citizen of Jamaica.  He asserts that on February 8, 2005, an immigration judge issued an order of removal, which has since become a final order.  He alleges that Respondents took him into custody on April 7, 2006, and he has remained in custody since that date.

## II.  DISCUSSION

A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction at the time he filed his Petition and he asserts that his detention violates his constitutional rights.  See Zadvydas, 533 U.S. at 699.

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief.  See 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[2]

B.  Legality of Detention

The Immigration and Nationality Act ("INA") requires detention of aliens after entry of a final removal order during a 90-day statutory "removal period."  8 U.S.C. § 1231(a)(2);

---

[2] For example, the Third Circuit has held that vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court. Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

`Case 2:06-cv-02072-KSH   Document 2   Filed 05/31/06   Page 4 of 6 PageID: 9`

Zadvydas, 533 U.S. at 683.[3]  If the DHS does not remove the alien within the 90-day removal period, § 1231(a)(6) authorizes the Attorney General to either release or continue to detain the alien.  Section 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas, the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  Zadvydas, 533 U.S. at 689.  However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 699.

The Supreme Court emphasized that a habeas court should not merely "accept the Government's view about whether the implicit statutory limitation is satisfied in a particular case," as a habeas court has the legal responsibility to independently review the lawfulness of an alien's detention.  Zadvydas at 699.  To guide habeas courts, the Court recognized six months as a "presumptively reasonable period" of post-removal-period detention.  Id. at 701.  "After this 6-month period, once the alien provides good reason to believe that there is no significant

---

[3] Section 1231(a)(1)(A) provides that, "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  Section 1231(a)(2) provides that "[d]uring the removal period, the Attorney General shall detain the alien."

likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

In 2005, the Supreme Court ruled in Clark v. Martinez, 125 S.Ct. at 726, that the post-removal-period detention of two inadmissible aliens from Cuba who had not effected "entry" was no longer statutorily authorized by § 1231(a)(6) because removal to Cuba was not reasonably foreseeable. See Clark v. Martinez, 125 S.Ct. 716, 726 (2005). The aliens "were detained well beyond six months after their removal orders became final," and the government "brought forward nothing to indicate that a substantial likelihood of removal subsists despite the passage of six months." Id. at 727. Under those circumstances, the Court held that the petitions for habeas corpus should have been granted. Id.

In this case, Petitioner asserts that a final order was entered on February 8, 2005, and that DHS took him into custody on April 7, 2006, and has detained him since that date. However, the Petition does not show that Petitioner has been detained beyond the six-month period determined to be presumptively reasonable under § 1231(a)(6) in Zadvydas. Under these circumstances, the facts alleged in the Petition do not support a violation of 8 U.S.C. § 1231(a)(6) under Zadvydas and its progeny.

A similar issue was presented to the 11th Circuit in Akinwale v. Ashcroft, 287 F.3d 1050 (11th Cir. 2002). In that case, Akinwale filed a petition under 28 U.S.C. § 2241 challenging his post-removal detention for a period of four months. Citing Zadvydas, the Eleventh Circuit noted that six months is a presumptively reasonable period under 8 U.S.C. § 1231(a)(6) to detain an

5

alien post-removal.  The Court affirmed dismissal of the petition because "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably forseeable future." Id. at 1052; see also Olajide v. Wrona, 2004 WL 63967 (E.D. Mich. 2004).

As Petitioner does not show that his post-removal detention has exceeded six months, his Petition does not state a claim under Zadvydas and 8 U.S.C. § 1231(a)(6).  This Court will dismiss his Petition for a Writ of Habeas Corpus without prejudice to his filing a new § 2241 petition alleging that he has been detained for more than six months after entry of a final order of removal and that his removal is not reasonably forseeable.

### III.  CONCLUSION

Based on the foregoing, the Court grants permission to file the Petition in forma pauperis and dismisses the Petition for a Writ of Habeas Corpus without prejudice.

/s/ Katharine S. Hayden

**KATHARINE S. HAYDEN, U.S.D.J.**

DATED: May 31, 2006